**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-cr-948 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ARCHIE STALLWORTH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion for reduction of sentence [210] is denied.

## STATEMENT

Archie Stallworth ("Defendant") was convicted after a jury trial of attempting to possess with intent to distribute cocaine and of obstruction of justice. On April 21, 2010, Defendant was sentenced to a below-guideline term of 12 years in prison. (Dkt. # 128.) Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. # 210.)

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). The second of these exceptions is the basis for Defendant's motion. Under 28 U.S.C. § 994(o)-(p), the Sentencing Commission is authorized to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the guidelines for a

particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C.A. § 994(u).

In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which generates a reduction of 2 offense levels for all offenses based on the drug equivalency tables in §2D1.1 and §2D1.11 of the Sentencing Guidelines, effective November 1, 2014. The Commission specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses. However, the Commission has made clear that in deciding whether to modify a defendant's sentence, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."[1] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014). As such, if a defendant's original sentence was below the lower end of the *amended* guideline range for his offense, he is ineligible for a sentence reduction.

For this reason, Defendant's sentence cannot be reduced despite the 2-level reduction applicable to his offense. At Defendant's sentencing, the Court found that his base offense level on the drug count was 32, and that enhancements for use of a weapon and obstruction of justice increased the offense level to a total of 36. (Sentencing Tr., Dkt. # 166 at 32, 40.) Combined with Defendant's criminal history category of I, this total offense level yielded a guideline range of

---

[1] Subdivision (1) provides:
> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (2014).

188 to 235 months imprisonment. (*Id*. at 40.) In consideration of various mitigating personal characteristics, the Court sentenced Defendant to a below-guideline sentence of 144 months. (*Id*. at 87.) Applying the 2-level reduction authorized by Amendment 782, Defendant's total offense level is reduced from 36 to 34. In combination with Defendant's criminal history rating of I, an offense level of 34 yields an amended guideline range of 151 to 188 months. U.S. SENTENCING GUIDELINES MANUAL § 5A. Defendant's sentence of 144 months is below the lower end of the guideline range after the reduction of Amendment 782 is applied, and Defendant is therefore not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## CONCLUSION

For the reasons set forth above, the Defendant's motion for sentence reduction [210] is denied.

**SO ORDERED.**  **ENTERED:  April 24, 2015**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**